JACOB DAVIS, PLAINTIFF, *v.* THE LAMAR INSURANCE COMPANY OF NEW YORK, DEFENDANT.

*Insurance company — who is an agent of.*

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

The action was upon a policy of insurance, and the defence was that the policy was avoided by reason of the premises being unoccupied. It was claimed that one Hulbut was an agent of the defendant, and that he knew the premises were unoccupied at the time the policy was issued. With reference to his agency the court at General Term said:

"It may be assumed that the jury found, as they well might have found on the evidence submitted to them, that Hulbut, who solicited and accepted the risk, had power to bind the company and waive the conditions of the policy. On this branch of the case it seems to come within the decision in *Bodine* v. *Exchange F. Ins. Co.* (51 N. Y., 117), followed and applied in *Van Schoick* v. *Niagara F. Ins. Co.* (68 N. Y., 434). On the facts the case in hand is much like the Van Schoick case last cited. There, as the facts are compactly stated in the syllabus, application for the policy was made to Lewis, who was engaged in the insurance business in partnership with Doolittle; the latter was the commissioned and nominal agent of the company; as to the plaintiff Lewis acted as agent, with the assent of Doolittle, which action was known to the company and not disproved of. It was held that the company was bound by the acts and knowledge of Lewis. The decision was put upon the principle recognized in the *Bodine Case*, which was this: That an insurance agent could employ a clerk, and authorize him to contract for risks, to deliver policies and renewals, to collect premiums and to give credits therefor; and that the act of the clerk in such cases was to be deemed the act of the agent, and binding on the company. Now, in the case in hand, Clay was the commissioned agent of the company, solicited risks for it and issued its policies. He employed Hulbut in that busi-

ness, and gave him part of the earnings of the business; permitted him to put his name on the bills; employed him as solicitor to obtain risks and to make surveys, and to collect premiums and deliver policies; there was an arrangement between them by which they divided the proceeds of the business. Hulbut fixed rates and Clay accepted of his acts, and adopted his judgment. Hulbut had also been introduced by Clay to the special agent of the company as a man engaged in the business with him; and it also appeared that the officers of the company had visited the agency, and that they knew of the manner in which the business was there conducted. In this case, as he had done in others, Hulbut made the contract of insurance, received the premium and delivered the policy. The case is quite as strong on the facts as was either Bodine's or Van Schoick's case; and on this point, too, it is within the decision in *Chase* v. *People's F. Ins. Co.* (21 N. Y. Sup. Ct. [14 Hun], 456). The jury were, therefore, well authorized to find that Hulbut was an agent of the company by whose action and knowledge the latter would be bound."

*Lounsbery & Childs*, for the plaintiff. *Charles A. Fowler*, for the defendant.

Opinion per BOCKES, J.

LEARNED, P. J., and BOARDMAN, J., concurred.

Motion for new trial denied, and judgment ordered for plaintiff on verdict.